UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTOPHER DUGAS, ET AL.        CIVIL ACTION NO. 6:17-cv-00337

VERSUS                           JUDGE DOHERTY

CITY OF VILLE PLATTE, ET AL.     MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending is the Fed. R. Civ. P. 12(b)(6) motion to dismiss that was filed by defendant Evangeline Parish Police Jury, incorrectly named in the complaint as Evangeline Parish Government. (Rec. Doc. 32). The motion is opposed, and oral argument was set for September 6, 2017. The motion was referred to this Court for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. (Rec. Doc. 29). For the following reasons, it is recommended that the motion be granted and the plaintiffs' claims against Evangeline Parish Police Jury be dismissed with prejudice.

## Background

The complaint filed in this lawsuit alleged that the defendants are liable under 42 U.S.C. § 1983 for violation of the Fourth Amendment to the United States Constitution. More particularly, the complaint alleged that the defendants engaged in a pattern or practice of unconstitutional conduct over the course of more than two

decades by arresting and holding people in jail without first obtaining a warrant and without probable cause. Such arrests were referred to as "investigative holds."

The plaintiffs sued the City of Ville Platte, the Ville Platte Police Department, Police Chief Neal Lartigue, the Evangeline Parish Police Jury, the Evangeline Parish Sheriff's Office, Sheriff Eddie Soileau, and one hundred unnamed and unidentified individual defendants. The Police Jury responded to the complaint by filing the instant motion to dismiss, contending that it is not vicariously liable for the policies, procedures, actions, or omissions of the Evangeline Parish Sheriff's Office.

## Analysis

**A.    The Applicable Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

---

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."[14]

C.    **The Police Jury is not Vicariously Liable for the Sheriff's Office**

The plaintiffs' complaint does not allege that the Police Jury or any of its members, officers, or employees had any role in developing or implementing the alleged policy, pattern, practice, or custom of allegedly unconstitutional arrests for which the plaintiffs seek to recover. Instead, the complaint is clear that "Plaintiffs' claims arise out of acts of the Evangeline Parish Sheriff's Office and Ville Platte Police Department in Evangeline Parish, State of Louisiana." (Rec. Doc. 1 at 4.) The complaint does not expressly allege that the Police Jury is responsible for the actions of either the Sheriff's Office or the Police Department. In response to the motion, the plaintiffs did not argue or even suggest that the Police Jury might be responsible for the acts or omissions of the Police Department, but they did argue that the Police Jury "exhibited. . . control and influence on the policies and operations of the [Sheriff's Office]" (Rec. Doc. 58 at 9), suggesting that the Police Jury should be held vicariously liable for the actions of the sheriff, the Sheriff's Office, or the sheriff's

---

[14] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).

deputies. The Police Jury asserted, to the contrary, that it is a political entity, separate and independent from the Sheriff's Office and as such does not direct or control the sheriff, the Sheriff's Office, or the sheriff's deputies and consequently is not vicariously liable for their policies, procedures, or wrongful conduct.

To impose Section 1983 liability on a governmental entity for the misconduct of its officers or employees, a plaintiff must demonstrate that the constitutional deprivation was caused by a policy or custom of that entity.[15] Specifically, a plaintiff must identify (a) a policymaker, (b) an official policy or custom or widespread practice, and (c) a violation of constitutional rights whose "moving force" is the policy or custom.[16] Thus, to establish liability against a parish government under Section 1983, the plaintiffs must point to the parish's policy or custom or breach of duty that caused the alleged constitutional deprivation.[17] In this case, the plaintiffs have not and cannot do so because they complain of actions taken by the Sheriff's Office and the Ville Platte Police Department rather than by the Police Jury, and they present no authority for the proposition that the Police Jury is vicariously liable for

---

[15] *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)).

[16] *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. at 694.

[17] See *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. at 690-91; *Bennett v. City of Slidell*, 728 F.2d 762, 767-68 (5th Cir. 1984).

misconduct on the part of the Sheriff's Office. Indeed, they cannot do so because in Louisiana "parish governments have no authority over parish sheriffs or their deputies, and cannot be held vicariously liable for the acts of either. . . ."[18]

The Louisiana Constitution created the office of sheriff to exist and function independently of the parish's governing authority.[19] Under Louisiana law, a sheriff is a "virtually autonomous local government official,"[20] who "occupies a constitutional office which exists and functions independently of the governing body of the parish."[21] Although a parish's governing body must bear the responsibility of financing and physically maintaining the parish jail,[22] the parish government does not have authority over the operations of the jail or the management of the sheriff's employees working there.[23] In other words, each parish is charged with its jails'

---

[18] *Salvagio v. Doe*, No. 13–5182, 2013 WL 6623921, at *2 (E.D. La. Dec. 16, 2013) (internal citations and footnote omitted); see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 671 (La. 1981)); *Cousin v. St. Tammany Parish*, 16-15751, 2017 WL 1321315, at *3-4 (E.D. La. Mar. 13, 2017), report and recommendation adopted, 2017 WL 1319783 (E.D. La. Apr. 7, 2017); *Foster v. Hampton*, 352 So.2d 197, 203 (La. 1977).

[19] La. Const. Art. 5, § 27.

[20] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 469 (5th Cir. 1999).

[21] *Broussard v. Boudoin*, No. Civ. A. 03–3040, 2004 WL 223984, at *1 (E.D.La. Jan. 29, 2004) (citing La. Const. art. 5, § 27 and art. 6, §§ 5(G) and 7(B)).

[22] La. R.S. § 15:702; *Salvagio v. Doe*, 2013 WL 6623921, at *3.

[23] *Salvagio v. Doe*, 2013 WL 6623921, at *3.

physical maintenance,[24] but the duty to administer and operate the parish jails falls on the sheriff of each parish.[25]

Because the sheriff is autonomous, a suit against a sheriff is a suit against a political subdivision.[26] Furthermore, "a parish government has no authority over a parish sheriff or, by extension, his deputies."[27] Accordingly, parish governments cannot be held vicariously liable under state law or pursuant to *Monell* for the actions of the sheriff and his deputies.[28] More particularly, parish governments cannot be held vicariously liable for allegedly wrongful arrests by a sheriff or his deputies.[29] The principle that parishes cannot be vicariously liable under state law or pursuant to *Monell* for the actions of the sheriff and his or her deputies has been recognized by

---

[24] La. R.S. 15:702.

[25] La. R.S. 15:704.

[26] La. R.S. 13:5201(B)(1); *Jordan v. Prator*, Civ. Action No. 11-0723, 2013 WL 4094336, at *4 (W.D. La. Aug. 13, 2013);

[27] *Kraft v. Lee*, No. 06-2846, 2006 WL 3395592, at *2-3 (E.D. La. Nov. 22, 2006).

[28] See, e.g., *Terral v. Warden Ducote*, No. 15-2366, 2016 WL 7223350, at *3 (W.D. La. Oct. 4, 2016), report and recommendation adopted, 2016 WL 7239494 (W.D. La. Dec. 13, 2016); *Quatrevingt v. Thibodeaux*, No. 10-4047, 2011 WL 2182104, at *2 (E.D. La. May 2, 2011), report and recommendation adopted, 2011 WL 2182069 (E.D. La. June 2, 2011); *Kraft v. Lee*, 2006 WL 3395592, at *2; *Broussard v. Boudoin*, 2004 WL 223984, at *1; *Foster v. Hampton*, 352 So.2d at 203.

[29] *Cousin v. St. Tammany Parish*, 2017 WL 1321315, at *3-4; *Salvagio v. Doe*, 2013 WL 6623921, at *2.

many courts with regard to various parishes across the state of Louisiana,[30] and the Louisiana Supreme Court has expressly held that "there can be no vicarious liability on the part of the parish for the acts of the sheriff or his deputies."[31]

The plaintiffs contend in their briefing that there was "an institutionalized pattern and practice of unconstitutional conduct" in Evangeline Parish. (Rec. Doc. 58 at 5). But the plaintiffs have not identified any Police Jury member, officer, or employee who instituted any such custom, policy, or practice, and they expressly stated in their complaint that it is the wrongful acts of the Sheriff's Office and the Ville Platte Police Department for which they are seeking redress. In support of its motion to dismiss, the Police Jury stated, with evidentiary support in the form of an affidavit from its secretary-treasurer Donald Bergeron,[32] that it does not control or

---

[30] See, e.g., *Jackson v. Blackman*, No. 17-0286, 2017 WL 3083684, at *3 (W.D. La. Mar. 29, 2017), report and recommendation adopted, 2017 WL 3082677 (W.D. La. July 19, 2017) (Union Parish Police Jury); *Cousin v. St. Tammany Parish*, 2017 WL 1321315, at *3-4 (St. Tammany Parish Government); *Gunning v. Parish of Franklin*, No. 16-1763, 2017 WL 941827, at *3-4 (W.D. La. Feb. 14, 2017), report and recommendation adopted, 2017 WL 939011 (W.D. La. Mar. 9, 2017) (Franklin Parish Police Jury); *Terral v. Warden Ducote*, No. 15-2366, 2016 WL 7223350, at *3 (W.D. La. Oct. 4, 2016), report and recommendation adopted, 2016 WL 7239494 (W.D. La. Dec. 13, 2016) (Jackson Parish); *Kraft v. Lee*, 2006 WL 3395592, at *2-*3 (Jefferson Parish); *Gaspard v. St. Bernard Sheriff's Office*, No. 03-1746, 2003 WL 23009091, at *1 (E.D. La. Dec. 17, 2003) (Jefferson Parish) *Broussard v. Boudin*, 2004 WL 223984, at *1 (Jefferson Parish); *Richardson v. Parish of Jefferson*, No. 90-1733, 1990 WL 128220, at *2 (E.D. La. Aug. 24,1990) (Jefferson Parish).

[31] *Foster v. Hampton*, 353 So.2d at 203.

[32] Rec. Doc. 64.

direct the operations of the sheriff or his deputies, and it does not control law enforcement activities. This is not self-serving testimony; it is the apportionment of responsibility memorialized in the Louisiana state constitution and statutes.[33] There is no set of facts and no potential legal theory that the plaintiffs could prove, consistent with the allegations in their complaint, to hold the Police Jury liable in this action. Therefore, this Court finds that the plaintiffs have not asserted a plausible claim against the Police Jury, and consequently failed to state a claim against the Evangeline Parish Police Jury upon which relief can be granted.

In their briefing, the plaintiffs argued that if the court was inclined to grant the Police Jury's motion to dismiss, they should be afforded an opportunity to conduct limited discovery with regard to the Police Jury's conduct and knowledge with respect to the investigative holds. But no amount of discovery will lead to facts supporting a conclusion that the Police Jury is liable for the Sheriff's alleged warrantless arrests. Therefore, there is no basis for permitting the requested discovery, and it is recommended that the plaintiffs' request for limited discovery on this issue be denied.

---

[33] In fact, this Court did not consider the parish secretary-treasurer's affidavit in ruling on this motion nor did it consider any evidence presented by the plaintiffs in opposition to the motion. Considering any evidence outside the four corners of the complaint would have required conversion of the motion to a motion for summary judgment (*Whitaker v. Collier*, 862 F.3d 490, 504 (5th Cir. 2017)), which was not necessary given the well-settled law governing the issue presented.

## Conclusion

For the foregoing reasons, this Court recommends that the Evangeline Parish Police Jury's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (Rec. Doc. 32) be GRANTED, recommends that the plaintiffs' request for limited discovery on this issue be DENIED, and recommends that the plaintiffs' claims against the Police Jury be dismissed with prejudice. Oral argument on THIS MOTION is cancelled.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on August 28, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE