UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTOPHER DUGAS, ET AL().    CIVIL ACTION NO. 6:17-cv-00337

VERSUS                         JUDGE DOHERTY

CITY OF VILLE PLATTE, ET AL.   MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss that was filed by defendant Ville Platte Police Department. (Rec. Doc. 24). The motion is unopposed, and oral argument was set for September 6, 2017. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. (Rec. Doc. 29). For the following reasons, it is recommended that the motion be granted and the plaintiffs' claims against Ville Platte Police Department be dismissed with prejudice.

## Background

The complaint filed in this lawsuit alleged that the defendants are liable under 42 U.S.C. § 1983 for violation of the Fourth Amendment to the United States Constitution. More particularly, the complaint alleged that the defendants engaged in a pattern or practice of unconstitutional conduct over the course of more than two decades by arresting and holding people in jail without first obtaining a warrant and without probable cause. Such arrests were referred to as "investigative holds."

Among the defendants sued in the lawsuit is "Ville Platte Police Department." The police department responded to the complaint by filing the instant motion to dismiss, contending that it is not a juridical entity capable of being sued.

## Analysis

### A. The Motion is Deemed to Be a Rule 12(b)(6) Motion

Although the police department did not expressly designate its motion as arising under any particular subsection of Fed. R. Civ. P. 12(b), this Court interprets the motion as arising under Rule 12(b)(6). There is no subsection of Rule 12(b) that specifically authorizes a motion to dismiss based on the lack of capacity to be sued. However, "[f]ederal courts. . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or statute[,]. . . such as motions raising. . . a lack of capacity to sue or be sued."[1] A Rule 12(b)(6) motion to dismiss for failure to state a claim is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim,[2] and courts in this district have on several prior occasions considered motions raising a lack of capacity

---

[1] 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d. Ed. 2016).

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

to sue or be sued as Rule 12(b)(6) motions.³ Therefore, the motion will be considered as governed by Rule 12(b)(6).

**B.     The Applicable Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.⁴ When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.⁵ The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.⁶ However, conclusory allegations and unwarranted

---

³       See, e.g., *Ned v. Eunice Police Department*, No. 6:16-CV-1035, 2016 WL 7976132, at *1 (W.D. La. Dec. 14, 2016), report and recommendation adopted, 2017 WL 369128 (W.D. La. Jan. 23, 2017), judgment entered, 2017 WL 376494 (W.D. La. Jan. 23, 2017); *Edmond v. Lafayette Consolidated Government*, No. 6:16-cv-00045, 2016 WL 3693653, at *7 (W.D. La. May 24, 2016), report and recommendation adopted, 2016 WL 3693486 (W.D. La. July 5, 2016); *Roth v. City of Pineville*, No. 1:11-cv-02061, 2012 WL 1596689, at *1 (W.D. La. Apr. 3, 2012), report and recommendation adopted, 2012 WL 1596684 (W.D. La. May 4, 2012).

⁴       *Ramming v. United States*, 281 F.3d at 161.

⁵       *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

⁶       *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

deductions of fact are not accepted as true,[7] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[8]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[9] The allegations must be sufficient "to raise a right to relief above the speculative level,"[10] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[11] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] If the plaintiff fails to

---

[7] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[10] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[11] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[12] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[13]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[16]

C. **Ville Platte Police Department is not a juridical entity capable of being sued.**

The plaintiff named "Ville Platte Police Department" as a defendant in this lawsuit. The motion contends, however, that "Ville Platte Police Department" is a

---

[13] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[14] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[15] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[16] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

department or division of the City of Ville Platte and is not a separate juridical entity capable of being sued.

The plaintiff seeks to recover under 42 U.S.C. § 1983, which states that "[e]very **person** who. . . subjects, or causes to be subjected, any. . . person. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." A threshold inquiry is whether a party named as a defendant in a lawsuit brought under Section 1983 is a person capable of being sued.

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Ville Platte Police Department, which is neither an individual nor a corporation, is determined by the law of the state where the court is located.[17]

Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."[18] According to the Louisiana Supreme Court:

---

[17] See also *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

[18] Louisiana Civil Code Article 24.

> The determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.[19]

In support of the motion, the affidavit of Jennifer Vidrine, the mayor of the City of Ville Platte, was submitted. The affidavit states: "Ville Platte Police Department is merely a subdivision of the City of Ville Platte and is not an autonomous, separate, independent[,] or distinct body corporate but rather is merely an agency or division of the greater corporate juridical body, that being the City of Ville Platte."[20] No countervailing evidence was adduced, and no opposition to the motion was filed. Therefore, this Court remains unaware of any law, Constitutional, statutory, or otherwise, that confers upon Ville Platte's police department the authority to sue or be sued, or that entitles it to function independently of the City of Ville Platte.

Accordingly, this Court finds that Ville Platte Police Department does not have the legal capacity to function independently, but functions as an agency, department,

---

[19] *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 346-47 (La. 1994).

[20] Rec. Doc. 25.

or division of the City of Ville Platte. Therefore, it lacks the capacity to be sued, and the plaintiff in this lawsuit has no right to recover from it. Accordingly, this Court recommends that the motion to dismiss be granted.

## Conclusion

In summary, this Court recommends that the pending motion to dismiss (Rec. Doc. 24) be granted, and the plaintiff's claim against "Ville Platte Police Department" be dismissed with prejudice. Oral argument as to THIS MOTION is cancelled.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on August 25, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE