UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTOPHER DUGAS, ET AL.     CIVIL ACTION NO. 6:17-cv-00337

VERSUS                        JUDGE DOHERTY

CITY OF VILLE PLATTE, ET AL.  MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before this Court are two motions to dismiss penalty, punitive, or exemplary damages (Rec. Docs. 23 and 41). The first was filed by defendants City of Ville Platte and Police Chief Neal Lartigue, and the second was filed by the Evangeline Parish Sheriff's Office and Sheriff Eddie Soileau. The motions are unopposed, and oral argument was set for September 6, 2017. The first motion (Rec. Doc. 23) was referred to this Court for report and recommendation (Rec. Doc. 29) and the second motion (Rec. Doc. 41) was referred to the undersigned for ruling (Rec. Doc. 46). To avoid confusion, both motions are addressed in this report, and identical recommendations will be issued as to both motions. For the following reasons, it is recommended that both motions be granted.

### BACKGROUND

The complaint filed in this lawsuit alleged that the defendants are liable under 42 U.S.C. § 1983 for violation of the Fourth Amendment to the United States Constitution. More particularly, the complaint alleged that the defendants engaged

in a pattern or practice of unconstitutional conduct over the course of more than two decades by arresting and holding people in jail without first obtaining a warrant and without probable cause. Such arrests were referred to as "investigative holds." In addition to asserting a Section 1983 claim, the plaintiffs also asserted claims under two Louisiana statutes, La. R.S. 15:257, which has to do with placing material witnesses under bond, and Louisiana Code of Criminal Procedure Article 230.2, which addresses how long a person may be held in custody following a warrantless arrest. In the complaint, the plaintiffs expressly indicated that they seek to recover both compensatory and punitive damages.

The defendants now seek to have the plaintiffs' claims for punitive damages dismissed.

## LAW AND ANALYSIS

### A. The Motion Will be Construed Under Fed. R. Civ. P. 12(b)(6)

Although the movants did not designate their motions as arising under any particular federal rule of civil procedure or set forth the standard to be used in resolving the motions, this Court will construe the motions as governed by Fed. R. Civ. P. 12(b)(6) motions. Under that rule, a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

him to relief.¹ In these motions, the movants are seeking to have certain claims dismissed because the plaintiffs have not established the factual underpinnings entitling the plaintiffs to relief. Accordingly, the motions will be construed as Rule 12(b)(6) motions.

B.  **The Applicable Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.² When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.³ The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.⁴ However, conclusory allegations and unwarranted

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[2] *Ramming v. United States*, 281 F.3d at 161.

[3] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]  If the plaintiff fails to allege facts

---

[5] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[9] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

## C. Are Punitive Damages Available?

In this lawsuit, the plaintiffs asserted claims against the City of Ville Platte and the Evangeline Parish Sheriff's Office, among others, and sought the recovery of punitive damages. The city and the sheriff's office contend that the punitive damages claims asserted against them should be dismissed, arguing that the plaintiff in a §

---

[11] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[14] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities and also arguing that there is no statutory basis for the imposition of punitive damages with regard to the plaintiff's state-law claims.

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action."[15] The City of Ville Platte is, by definition, a municipality. A Section 1983 claim against a Louisiana sheriff in his official capacity or against a Sheriff's Office "is 'in essence' a suit against a municipality."[16] "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[17] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[18] Therefore, the plaintiff is barred from recovering punitive damages against a defendant acting in his official

---

[15]     *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981).

[16]     *Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)); *Williams v. Gusman*, No. 15-64, 2015 WL 4509762, at *2 (E.D. La. July 24, 2015). See, also, *Bouchereau v. Gautreaux*, No. 14-805-JWD-SCR, 2015 WL 5321285, at *13 (M.D. La. Sept. 11, 2015); *Jordan v. Prator*, No. 11-0723, 2013 WL 4094336, at *5 (W.D. La. Aug. 13, 2013).

[17]     *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)).

[18]     *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

capacity. On the other hand, however, the United States Supreme Court has recognized that punitive damages are recoverable against municipal employees sued in their individual capacities.[19] In this lawsuit, however, it does not appear that any individual capacity claims were asserted.

Accordingly, this Court finds that the plaintiffs do not have valid claims for punitive damages against the City of Ville Platte or the Evangeline Parish Sheriff's Office. Similarly, this Court finds that the plaintiffs do not have valid claims for punitive damages against Chief Lartigue or Sheriff Soileau with regard to any Section 1983 claims asserted against them in their official capacities. Therefore, the motion to dismiss the plaintiffs' punitive damages claims should be granted with regard to the claims asserted against the City of Ville Platte, the Evangeline Parish Sheriff's Office, Chief Lartigue, and Sheriff Soileau in their official capacities.

However, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a § 1983 claim.[20] Therefore, to the extent that the plaintiffs might be seeking to recover punitive damages with regard

---

[19] *Smith v. Wade*, 461 U.S. 30, 35 (1983).

[20] *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006) (citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

to a Section 1983 claim against any person in his or her individual capacity, the motion to dismiss should be denied.

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered.[21] The plaintiffs have not identified any statutory provisions that allow the recovery of punitive damages for the state-law claims that were asserted against the defendants in this lawsuit. Accordingly, it is recommended that the motion be granted with regard to the plaintiffs' claim for state-law punitive damages.

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the motions to dismiss that were filed by City of Ville Platte and Police Chief Neal Lartigue (Rec. Doc. 23) and by Evangeline Parish Sheriff's Office and Sheriff Eddie Soileau (Rec. Doc. 41) be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motions to dismiss the plaintiffs' claim for the recovery of punitive damages in connection with their Section 1983 claims be GRANTED with regard to the plaintiffs' Section 1983 claims against the City of Ville

---

[21] See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

Platte, the plaintiffs' Section 1983 claims against the Evangeline Parish Sheriff's Office, and any Section 1983 official-capacity claims against any individuals, including but not limited to Sheriff Eddie Soileau and Ville Platte Police Chief Neal Lartigue, and those claims be dismissed with prejudice;

IT IS RECOMMENDED that the motions to dismiss the plaintiffs' state-law punitive damages claims be GRANTED and those claims be dismissed with prejudice; and

IT IS RECOMMENDED that the motions be denied in all other respects, particularly with regard to any individual capacity claims that might have been asserted against Sheriff Eddie Soileau, Police Chief Neal Lartigue, or any other individual defendants. Oral argument on THESE MOTIONS is cancelled.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on August 28, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE