UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER DUGAS, ET AL. | CIVIL ACTION NO. 6:17-cv-00337 |
| VERSUS | JUDGE DOHERTY |
| CITY OF VILLE PLATTE, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending before this Court are two related motions. The first motion is the plaintiffs' motion for default judgment against two defendants, the Evangeline Parish Sheriff's Office and Sheriff Eddie Soileau. (Rec. doc. 39). The second motion is the motion to set aside the clerk's entry of default (Rec. Doc. 48), which was filed by the Sheriff's Office and Sheriff Soileau. The motion for default judgment was referred to the undersigned magistrate judge for report and recommendation (Rec. Doc. 46), while the motion to set aside the clerk's entry of default was referred to this Court for ruling (Rec. Doc. 55). To avoid confusion, both motions are addressed in this report, and recommendations will be issued concerning both motions.

Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the plaintiffs' motion for default judgment (Rec. Doc. 39) should be DENIED, and the defendants' motion to set aside the entry of default (Rec. Doc. 48) should be GRANTED.

## BACKGROUND

The complaint filed in this lawsuit alleged that the defendants – including but not limited to the Sheriff's Office and Sheriff Soileau – are liable to the plaintiffs under 42 U.S.C. § 1983 for violation of the Fourth Amendment to the United States Constitution. More particularly, the complaint alleged that the defendants engaged in a pattern or practice of unconstitutional conduct over the course of more than two decades by arresting and holding people in jail without first obtaining a warrant and without probable cause. Such arrests were referred to as "investigative holds." In addition to asserting a Section 1983 claim, the plaintiffs also asserted claims under two Louisiana statutes, La. R.S. 15:257, which has to do with placing material witnesses under bond, and Louisiana Code of Criminal Procedure Article 230.2, which addresses how long a person may be held in custody following a warrantless arrest.

This lawsuit was initiated on March 1, 2017, when the complaint was filed. The Sheriff's Office and Sheriff Soileau were served on March 16, 2017. (Rec. Doc. 35 at 2; Rec. Doc. 35-2 at 2; Rec. Doc. 35-3 at 2). Thereafter, counsel for the Sheriff's Office and Sheriff Soileau contacted the plaintiffs' counsel and requested an extension of the deadline for responding to the lawsuit, but the agreed-upon

extension of the deadline to May 30, 2017 elapsed without responsive pleadings being filed. (Rec. Doc. 35 at 2-3).

The next day, June 1, 2017, the plaintiffs filed a declaration with the court. (Rec. Doc. 30). The declaration was deficient in that it was filed by *pro hac vice* counsel rather than by local counsel, as is required by Local Rule 83.2.6. (Rec. Doc. 33). The Clerk of Court construed the declaration as a motion for entry of default. On June 5, 2017, the plaintiffs filed a second declaration signed by local counsel, which corrected the deficiency in the original declaration. (Rec. Doc. 35). That same day, June 5, 2017, the Clerk of Court issued a notice of entry of default against the Sheriff's Office and Sheriff Soileau. (Rec. Doc. 37).

Now, the plaintiffs seek to have a default judgment issued against the Sheriff's Office and Sheriff Soileau (Rec. Doc. 39), while the Sheriff's Office and Sheriff Soileau seek to have the Clerk's entry of default set aside (Rec. Doc. 48).

## LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs applications for default judgment. It states that a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[1] However, "[d]efault judgments are a drastic remedy, not favored by the

---

[1] Fed. R. Civ. P. 55(a).

Federal Rules and resorted to by courts only in extreme situations."[2] Therefore, even when a defendant is technically in default, a "party is not entitled to a default judgment as a matter of right."[3] This principle, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[4] Therefore, the entry of a default judgment is committed to the discretion of the district court.[5]

**A.    THE PROCEDURAL REQUIREMENTS FOR A DEFAULT JUDGMENT HAVE BEEN SATISFIED**

Three procedural steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of Court's office; and (3) issuance of a default judgment by the district court.[6]

A default occurs when a defendant fails to respond to the complaint within the time required by the Federal Rules of Civil Procedure.[7] A party is entitled to entry

---

[2] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[3] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[4] *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)).

[5] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

[6] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

[7] *New York Life Ins. Co. v. Brown*, 84 F.3d at 141.

of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.[8] The entry of default is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment. The Clerk of Court must enter default when the defendant's failure to plead is shown by affidavit or otherwise.[9] Such a showing must establish that the defendant was properly served but failed to file an answer.[10] Therefore, "the propriety of the entry of default is dependent on the propriety of service."[11] In this case, there has been no objection to the method of service or the fact that service was made on the Sheriff's Office and Sheriff Soileau. Therefore, the clerk properly entered default.

After the clerk's entry of default, a default judgment may be issued by the clerk of court if the claim is for a sum certain or a sum that can be made certain by calculation, but in all other cases may be entered by the court on the motion of the

---

[8] See Fed. R. Civ. P. 55(a).

[9] Fed. R. Civ. P. 55(a).

[10] *Cycle Sport, L.L.C. v. Dinli Metal Indus. Co., Ltd.*, No. 3:07-CV-00253-O, 2008 WL 4791544, at *3 (N.D. Tex. Oct. 30, 2008).

[11] *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-cv-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). See, also, *Cycle Sport v. Dinli*, 2008 WL 4791544, at *3.

plaintiff.[12] Thus, a plaintiff may apply to the district court for a judgment based on the default, which the plaintiff has done in this case.

Before issuing a judgment of default, the court must ascertain that the defendant is neither a minor, an incompetent person, or in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940.[13] Because it is a juridical entity, the Sheriff's Office cannot fit into those categories, and there is no evidence that Sheriff Soileau personally belongs in any of those categories either. Therefore, those factors do not preclude a default judgment in this case.

When the defendant has appeared in the action prior to the issuance of a judgment of default, the defendant must be provided with notice of the application for default judgment at least three days prior to the hearing on the default judgment.[14] In this case, however, this requirement need not be met since neither the Sheriff's Office nor Sheriff Soileau had appeared in the suit before default was entered.

Accordingly, this Court concludes that all of the procedural prerequisites for the issuance of a default judgment have been satisfied in this case.

---

[12] Fed. R. Civ. P. 55(b).

[13] Fed. R. Civ. P. 55(a).

[14] Fed. R. Civ. P. 55(b)(2).

## B. THE ISSUANCE OF A DEFAULT JUDGMENT IS NOT RECOMMENDED

In this case, the plaintiffs have requested that a judgment of default be entered against the Sheriff's Office and Sheriff Soileau, and those defendants have requested that the clerk's entry of default be set aside. The Fifth Circuit generally disfavors default judgments and favors resolving cases on their merits.[15] In fact, "[d]efault judgments are a drastic remedy. . . resorted to by courts only in extreme situations,"[16] and a party is not entitled to a default judgment merely because the defendant is technically in default.[17]

An entry of default may be set aside if the party seeking relief shows good cause.[18] The decision lies within the sound discretion of the district court,[19] and the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.[20] These factors are neither talismanic nor exclusive, and other factors may be

---

[15] See, e.g., *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

[16] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d at 276.

[17] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[18] Fed. R. Civ. P. 55(c).

[19] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

[20] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *United States v. One Parcel of Real Property*, 763 F.2d at 183.

considered,[21] including whether "the defendant acted expeditiously to correct the default."[22] The caselaw has also suggested that six factors may be considered when deciding whether to grant a default judgment: 1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; 3)whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think it was obligated to set aside the default on the defendant's motion.[23] Regardless of the specific factors considered, any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.[24] Furthermore, "the requirement of good cause has generally been interpreted liberally,"[25] and in this case, this Court finds that there is good cause to set aside the clerk's entry of default.

First, there is no evidence that the defendants' delay in answering the complaint was willful, and this Court finds that the delay in responding to the suit

---

[21] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

[22] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *In re Dierschke*, 975 F.2d at 184.

[23] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[24] *Chavers v. Hall*, 488 Fed. App'x 874, 878-79 (5th Cir. 2012)

[25] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

resulted from either a good faith mistake or excusable neglect. It is undisputed that counsel for the Sheriff's Office and Sheriff Soileau contacted counsel for the plaintiffs upon service of the complaint, identified himself as such, and requested additional time in which to respond to the complaint. This was a demonstration of professionalism and good will. Upon learning that a telephone status conference had been scheduled, counsel for the Sheriff's Office and Sheriff Soileau took steps to ensure that he was included in the conference, again demonstrating both professionalism and a lack of willful disregard for the litigation. (Rec. Doc. 43). In support of the motion to set aside the clerk's entry of default, the Sheriff's Office and Sheriff Soileau explained that the delay in responding to the suit was due to the fact that the allegations in the complaint were extensive, the allegations involved events from several years ago, and an investigation was necessary to gather responsive information. They also explained that it was necessary to search for and then communicate with insurance companies that had provided coverage for these defendants during the lengthy time frame addressed in the plaintiffs' allegations. While counsel for the Sheriff's Office and Sheriff Soileau might have done a better job of maintaining open lines of communication with counsel for the plaintiffs, it is clear to this Court that the defendants' delay in responding to the complaint was not the result of willfulness.

Second, no evidence has been presented establishing that the plaintiff was prejudiced by the defendants' delay in responding to the suit. "[M]ere delay does not alone constitute prejudice."[26] Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[27] In this case, not only is there no evidence of loss of evidence, discovery difficulties, or other issues, the defendants' delay in responding was not excessive. The Sheriff's Office and Sheriff Soileau are now represented by counsel in the suit, and responsive pleadings have been filed. The litigation remains in the very earliest stage. No prejudice has been established.

Third, the Sheriff's Office and Sheriff Soileau raised numerous issues of material fact and set forth meritorious defenses by filing a motion to dismiss the complaint for failure to state a claim (Rec. Doc. 40), a motion to dismiss the plaintiffs' claims for punitive damages (Rec. Doc. 41), and a motion to delay consideration of the plaintiffs' request for certification of a class of plaintiffs (Rec. Doc. 42) in addition to seeking to prevent a default judgment from being entered against them. It is clear that any early failure to participate in the litigation has been replaced with zealous attention to the issues presented in the suit.

---

[26] *Lacy v. Sitel Corp.*, 227 F.3d at 293.

[27] *Lacy v. Sitel Corp.*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

Fourth, and perhaps most important, the defendants acted quickly to remedy the entry of default, filing substantive motions within days of the clerk's entry of default and also filing a motion to set aside the entry of default.

For these reasons, it is recommended that the court exercise its discretion and set aside the clerk of court's entry of default.

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the plaintiffs' motion for a default judgment (Rec. Doc. 39) be DENIED and the defendants' motion to set aside the entry of default (Rec. Doc. 48) be GRANTED. Oral argument on THESE MOTIONS is cancelled.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on August 28, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE