UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTOPHER DUGAS, ET AL.  CIVIL ACTION NO. 6:17-cv-00337

VERSUS  JUDGE DOHERTY

CITY OF VILLE PLATTE, ET AL.  MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATIONS

Two motions to dismiss the plaintiffs' complaint under Rule 12(b)(6) of the

Federal Rules of Civil Procedure are currently pending. The first (Rec. Doc. 26) was

filed by defendants, the City of Ville Platte and Ville Platte Police Chief Neal

Lartigue, and the second (Rec. Doc. 40) was filed by defendants, the Evangeline

Parish Sheriff's Office and Sheriff Eddie Soileau. In both motions, the defendants

argue that the plaintiffs' claims are prescribed and, if not prescribed, then barred by

the *Heck* doctrine; alternatively, both motions seek a more definite statement under

Rule 12(e) of the Federal Rules of Civil Procedure. Both motions were referred to

the undersigned for review, report, and recommendation in accordance with the

provisions of 28 U.S.C. § 636 and the standing orders of the court. (Rec. Docs. 29,

46). Considering the evidence, the law, and the arguments of the parties, and for the

reasons fully explained below, it is recommended that the motions be granted in part

and denied in part.

## BACKGROUND

The complaint filed in this lawsuit alleged that the defendants are liable under 42 U.S.C. § 1983 for violation of the Fourth Amendment to the United States Constitution. More particularly, the complaint alleged that the defendants engaged in a pattern or practice of unconstitutional conduct over the course of more than two decades by arresting and holding people in jail without first obtaining a warrant and without probable cause. Such arrests were allegedly referred to as "investigative holds."

The complaint was filed on March 1, 2017, and it was brought by four named plaintiffs, Christopher Dugas, Timothy Johnson, Sharonna Tezeno, and Nichole Fontenot, individually and on behalf of an alleged class of other persons who allegedly were similarly subjected to investigative holds.

The complaint alleged that Dugas was arrested without probable cause by a Ville Platte police department officer on an undisclosed date "in or around 2013," held in the Ville Platte Police Department jail for approximately four to five months, then taken to the Evangeline Parish jail in approximately September 2013, then moved to a jail in Pine Prairie where he was held for approximately two more months before being offered a plea bargain. (Rec. Doc. 1 at 4). Taking those allegations as

true, Dugas was released from custody not later than the end of 2013, or more than four years before this lawsuit was filed.

The complaint alleged that Johnson was arrested without probable cause by an officer with the Ville Platte Police Department on an undisclosed date "in or around 2013" and held for eleven days in the Ville Platte Police Department's jail without being charged, and then was arrested a second time by the Ville Platte Police Department on an undisclosed date and held for three days without being charged. (Rec. Doc. 1 at 4-5). Taking those allegations as true, Johnson was released not later than the end of 2013, or more than four years before this lawsuit was filed.

The complaint alleged that Tezeno was arrested without probable cause by a Ville Platte police officer "in or around 2013" and held for "over 48 hours." (Rec. Doc. 1 at 5). Taking those allegations as true, she was released not later than the end of 2013, or more than four years before this lawsuit was filed.

The complaint alleged that Fontenot was arrested by an Evangeline Parish sheriff's deputy without probable cause on an undisclosed date "in or around March 2016" and held for seventy days without being charged then brought before a judge and released from custody. (Rec. Doc. 1 at 5). Taking those allegations as true, she was released in about June 2016, or less than one year before this lawsuit was filed.

Therefore, on the face of the complaint, the claims against Dugas, Johnson, and Tezeno prescribed before the suit was filed, but it appears that Fontenot's claim might have been asserted in a timely fashion.

The plaintiffs alleged that they were told by police officers not to discuss what happened to them under threat of being made to serve additional jail time. They also alleged that some class members were questioned by the Federal Bureau of Investigation and the United States Department of Justice, whose representatives allegedly told them not to discuss the investigation until after the DOJ reported its findings. Finally, the complaint alleged that the plaintiffs lack sophistication and education and consequently believed that they were ordered not to discuss the relevant events until after the DOJ released its report.

## THE PARTIES' CONTENTIONS

In support of the pending motion, the defendants contended that the complaint should be dismissed because the plaintiffs' claims are prescribed. Alternatively, they contended that the complaint is impermissibly vague. The defendants also contended that the claims asserted by plaintiff Timothy Johnson are barred by the *Heck* doctrine.

The plaintiffs argued, in response, that the complaint is not impermissibly vague, that Johnson's claims are not barred by *Heck*, and that the plaintiffs claims are timely because the applicable statute of limitations was tolled.

LAW AND ANALYSIS

## I. THE STANDARD FOR EVALUATING A SECTION 1983 CLAIM

In their complaint, the plaintiffs articulated state-law claims and claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[1] To state a Section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[2]

In this case, the plaintiffs' complaint expressly states that the plaintiffs' claims are premised on alleged violations of their Fourth Amendment rights and right provided by state law. The nature of the allegations also make it clear that the plaintiffs are contending that their Fourth Amendment right to be free from unlawful arrest was abridged. There is no dispute that the plaintiffs were acting under color

---

[1] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[2] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

of state law when the plaintiffs were detained.  Thus, both criteria for a Section 1983

claim are satisfied in this case.

## II.    THE RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

### A.    THE APPLICABLE STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading

stating a claim for relief contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Pursuant to Rule 8(a), a complaint will be

deemed inadequate only if it fails to (1) provide notice of the circumstances that gave

rise to the claim, or (2) set forth sufficient information to outline the elements of the

claim or permit inferences to be drawn that these elements exist.[3]  A motion for more

definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is

appropriate "[i]f a pleading fails to specify the allegations in a manner that provides

sufficient notice."[4]  Thus, when a complaint is so vague or ambiguous that the

defendant cannot reasonably prepare a response, the defendant is permitted to file

such a motion.

---

[3]     *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999), citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999).

[4]     *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Motions for a more definite statement are "generally disfavored"[5] and are "granted sparingly."[6] Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."[7]

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.[8]

B.    THE PLAINTIFFS' COMPLAINT IS SUFFICIENT

Although the defendants contended that the plaintiffs' complaint is so vague and ambiguous that they are unable to articulate a response, they filed a series of

---

[5]    § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.)

[6]    § 1376 Motion for a More Definite Statement—Scope of Amended Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.)

[7]    *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2 (E.D. La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

[8]    *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

motions asserting a variety of defenses, some of which were successful. Accordingly,

this Court finds that the plaintiffs' complaint sufficiently set forth the factual basis

for their claims and the legal theories under which they seek to recover. Therefore,

to the extent that the defendants seek dismissal or amendment of the plaintiffs'

complaint under Rule 12(e), it is recommended that the motion be denied.

## III.    THE RULE 12(B)(6) MOTION TO DISMISS

### A.    THE APPLICABLE STANDARD

A motion to dismiss for failure to state a claim is appropriate under Fed. R. Civ.

P. 12(b)(6) when a defendant attacks the complaint because it fails to state a legally

cognizable claim.[9] When considering such a motion , a district court must limit itself

to the contents of the pleadings, including any attachments thereto.[10] The court must

accept all well-pleaded facts as true, and it must view them in the light most favorable

to the plaintiff.[11] However, conclusory allegations and unwarranted deductions of

---

[9]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[10]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[11]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

fact are not accepted as true,[12] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[13]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14] The allegations must be sufficient "to raise a right to relief above the speculative level,"[15] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[16] "While a complaint. . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[17] If the plaintiff fails to

---

[12] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[14] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[15] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[16] *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[17] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[18]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]   "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[21]

### B.  SHOULD THE MOTIONS TO DISMISS BE CONVERTED TO MOTIONS FOR SUMMARY JUDGMENT?

The defendants attached several exhibits to their motions, and the plaintiffs attached exhibits to their opposition brief.  Consideration of those documents by this Court would require conversion of the motion to dismiss to a motion for summary

---

[18]     *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[19]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[20]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[21]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

judgment.  The court has complete discretion, based on a determination of whether or not the submitted materials are likely to facilitate the disposition of the action, to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.[22]  Pursuant to Rule 12(d), however, "if matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." [Emphasis added].  In this case, this Court has decided to disregard the additional materials submitted by the parties and, consequently, will not convert the pending motions to motions for summary judgment and will decide the pending motions without reference to or consideration of the parties' exhibits.

## C.  THE PRESCRIPTION DEFENSE

"A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense,"[23] and such a defense was articulated in the pending motions.

Federal law does not establish a statute of limitations for Section 1983 claims; therefore, federal courts hearing Section 1983 claims must borrow a relevant statute

---

[22]     *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

[23]     *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977).  See, also, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Bowers v. Nicholson*, 271 F. App'x 446, 449 (5th Cir. 2008).

of limitations from the forum state.[24]  Section 1983 claims are best characterized as personal injury actions; therefore, federal courts borrow the forum state's law governing the prescription of personal injury claims.[25]  In Louisiana, personal injury claims are governed by Civil Code Article 3492, which provides for a one-year prescriptive period.  Consequently, Louisiana's one-year prescriptive period governs the plaintiffs' Section 1983 claims[26] as well as the plaintiffs' state-law claims.

In applying the forum state's statute of limitations, a federal court should also give effect to any applicable state-law tolling provisions.[27]  In other words, when a state-law prescriptive period is borrowed, any coordinate state-law tolling rules are also borrowed.[28]  In this case, the parties were afforded an opportunity to address in supplemental briefing whether Louisiana's doctrine of *contra non valentem* or the

---

[24]  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

[25]  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[26]  *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989); *McGregor v. LSU Board of Supervisors*, 3 F.3d 850, 863 (1993), *cert. denied*, 510 U.S. 1131 (1994); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

[27]  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

[28]  *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quoting *Bd. of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980)); *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 764 (5th Cir. 2015); *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992); *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993).

doctrine of equitable tolling should be applied in this case.[29]  Having reviewed the

parties' arguments and the applicable jurisprudence, this Court now finds that *contra*

*non valentem* is the tolling mechanism to be applied in this case.[30]

Still, however, federal law determines when a Section 1983 claim accrues.[31]

Under federal law, a cause of action accrues when the plaintiff knows or has reason

to know of the injury on which his action is based.[32]  As a result, the limitations

period begins "when the plaintiff is in possession of the 'critical facts that he has been

hurt and who has inflicted the injury.'"[33]

Louisiana's general rule for tolling – referred to as *contra non valentem* – is

that prescription is tolled or suspended when the plaintiff is "effectually prevented

---

[29]     See Rec. Docs. 72, 80, 81, 82.

[30]     In their briefing, the plaintiffs cited to *Thibeaux v. Cain*, No. 6:14-cv-2409, 2014 WL 4929333, at *2 (W.D. La. Oct. 1, 2014), in which this Court, in a report and recommendation that was adopted by the district court, said:  "Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983," citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).  That statement was overly broad.  As noted above, when a state-law prescriptive period is borrowed, any coordinate state-law tolling rules are also borrowed.  In *Rotella*, the court borrowed Texas's state-law tolling rule, which applies equitable tolling in Section 1983 cases.  Therefore, this Court erred in *Thibeaux* in failing to distinguish the tolling rule applied in Texas cases from the tolling rule applied in Louisiana cases.

[31]     *Jacobsen v. Osborne*, 133 F.3d at 319; *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[32]     *Smith v. Regional Transit Authority*, 827 F.3d 412, 421 (5th Cir. 2016); *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Gartrell v. Gaylor*, 981 F.2d at 257.

[33]     *Smith v. Regional Transit Authority*, 827 F.3d at 421 (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).

from enforcing his rights for reasons external to his own will."[34]  Louisiana's federal courts have, on numerous occasions, applied *contra non valentem* in Section 1983 cases.[35]  There are four factual situations in which *contra non valentem* prevents the running of the prescriptive period:  (1) when a legal cause prevented the courts or court officers from taking cognizance of or acting on the plaintiff's action; (2) when a condition coupled with a contract or connected with the proceedings prevented the plaintiff from suing or acting; (3) when the defendant himself has done some act to prevent the plaintiff from availing himself of his cause of action; or (4) when the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance was not induced by the defendant.[36]

In their complaint, the plaintiffs alleged that they were told by police officers not to discuss what happened to them under threat of reprisal including threat of additional jail time.  (Rec. Doc. 1 at 17-18).  The complaint also alleged that members

---

[34]  *Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994).

[35]  See, e.g., *Broussard v. Brown*, 599 Fed. App'x 188 (5th Cir. 2015); *Walker v. Gusman*, No. 12-2521, 2015 WL 2354071, at *9 (E.D. La. May 15, 2015); *Hernandez v. Smith*, No. 15-cv-2271, 2015 WL 9921067, at *3 (W.D. La. Sept. 28, 2015), *report and recommendation adopted*, 2016 WL 356044 (W.D. La. Jan. 27, 2016).

[36]  *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So.3d 234, 245 (quoting *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034 (La. 1987)); *Corsey v. State, Through Dept. of Corrections*, 375 So.2d 1319, 1321-22 (La. 1979); *Burge v. Parish of St. Tammany*, 996 F.2d at 788; *Romero v. City of Youngsville*, No. 13-2928, 2016 WL 2859077, at *2 (W.D. La. May 16, 2016).

of the putative class were questioned by the FBI and representatives of DOJ and told not to discuss the government investigation until after the DOJ had completed its report. (Rec. Doc. 1 at 18). But there is no allegation that the named plaintiffs were questioned by the FBI or the DOJ or told by any person affiliated with those agencies not to discuss their claims. Similarly, there is no allegation that anyone stopped the plaintiffs from attempting to file a lawsuit at any time. The plaintiffs also alleged that the prescriptive period should not apply to them because the putative class members lack sophistication and education. (Rec. Doc. 1 at 18). The plaintiffs argued, in opposition to the pending motions, that it was not until December 19, 2016, when the DOJ published the findings of its investigation, that the plaintiffs were aware that the defendants had violated their Fourth Amendment rights. (Rec. Doc. 57 at 14). In the complaint, however, the plaintiffs alleged – not once but twice – that "[i]n April 2015, leadership of EPSO, VPPD[,] and City of Ville Platte openly admitted that their practice of using investigative holds is unconstitutional." (Rec. Doc. 1 at 3; see also Rec. Doc. 1 at 12). Thus, it is equally arguable that the prescriptive period began to run in 2015 for the claims asserted by Dugas, Johnson, and Tezeno when the city, the sheriff's office, and the Ville Platte police department acknowledged the unconstitutionality of investigative holds. At oral argument, however, counsel for the plaintiffs clarified that the referenced admission by the defendants was made only to

the DOJ and not to the public. (Rec. Doc. 74 at 23). Therefore, this argument has no factual basis and should be addressed in an amendment of the complaint.

A specific rule applies with regard to the commencement of the prescriptive period for a Section 1983 claim based on false arrest allegations. Such a claim accrues "as soon as the allegedly wrongful arrest occurred, subjecting [the plaintiff] to the harm of involuntary detention,"[37] and the limitations period begins to run "when the allegedly false imprisonment ends."[38] Or, as the Fifth Circuit has stated, "[i]n the context of. . . a claim for. . . wrongful arrest, it is a plaintiff's knowledge of those two events that triggers the limitations period."[39]

This rule has been applied several times. For example, when a plaintiff was allegedly falsely arrested on August 21, 1994 for interfering with a police investigation and jailed, the Fifth Circuit found that his claim accrued not later than the next day when he was released from jail.[40] Similarly, the Fifth Circuit found that a plaintiff "became aware of the injuries upon which his claims for. . . false arrest are based on the day that those injuries occurred" and held that the limitations period

---

[37]     *Wallace v. Kato*, 549 U.S. at 388.

[38]     *Wallace v. Kato*, 549 U.S. at 389. See, also, *White v. Gusman*, 347 Fed. App'x 66, 67-68 (5th Cir. 2009).

[39]     *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

[40]     *Jacobsen v. Osborne*, 133 F.3d at 319.

begin running at that time.[41]  In another case, the plaintiff was arrested on August 25, 2005 for public drunkenness, and the arresting officers confused him with another person with the same name, resulting in his being charged with a parole violation. He was jailed in Orleans Parish then moved to the Catahoula Correctional Center after Hurricane Katrina.  At both jails, he told the authorities that he had been misidentified.  He was released from custody on August 18, 2006 but he did not file suit until September 21, 2007.  He argued that his suit was timely because the defendants had concealed from him the fact that he had been wrongfully imprisoned. But the court found that he "was aware of, and actively protested, his wrongful imprisonment well before the date of his release, when the prescriptive period began to run.  Because he can point to no material fact that was concealed from him, *contra non valentem* provides no relief from prescription."[42]

Similarly, another court in this district found that a Section 1983 claim for false arrest and false imprisonment accrued when the plaintiff was released from jail and prescribed one year later.[43]  Consistently, this Court has previously found that a

---

[41]     *Humphreys v. City of Ganado, Tex.*, 467 Fed. App'x 252, 255 (5th Cir. 2012).

[42]     *White v. Gusman*, 347 Fed. App'x at 68.

[43]     *Matthews v. City of Alexandria*, No. 1:13-CV-02303, 2014 WL 3925191, at *2 (W.D. La. July 18, 2014), *report and recommendation adopted*, 2014 WL 3924638 (W.D. La. Aug. 11, 2014).

plaintiff's claim for false arrest accrued on the day that he was arrested and prescribed before his suit was filed four years later.[44]  Therefore, it is clear that the plaintiffs' claims accrued on the date that they were released from jail and prescribed one year later unless *contra non valentem* is applicable.

The plaintiffs' complaint does not state precisely when the plaintiffs were arrested or when they were released from jail.  However, they alleged that Dugas, Johnson, and Tezeno were all arrested "in or around 2013."  They alleged that Tezeno was detained for a matter of hours, Johnson was detained on two occasions for a matter of a few days, and that Dugas was detained for approximately six months.  Accepting those factual allegations as true, all of them were released from jail more than one year before this lawsuit was filed.  Therefore, in keeping with the jurisprudence cited above, this Court finds that these plaintiffs' claims accrued when they were released from jail and prescribed one year later.  Accordingly, it is recommended that the claims brought by Dugas, Johnson, and Tezeno should be dismissed as prescribed.

When a suit for personal injury is prescribed on its face, as this one is with regard to the claims of Dugas, Johnson, and Tezeno, the burden to show that

---

[44]     *Alexander v. Lafayette City Parish Consol. Government*, No. 09-1016, 2011 WL 1832616, at *4 (W.D. La. Apr. 15, 2011), *report and recommendation adopted*, 2011 WL 1828379 (W.D. La. May 11, 2011).

prescription has been interrupted or suspended must be borne by the plaintiff.[45]  In their complaint, the plaintiffs did not allege precisely when they were detained, did not allege precisely when they were released from jail, and attributed their tardiness in bringing suit to threats made by local law enforcement officers, advice given by the FBI and DOJ personnel that they should not talk about the investigation, and their lack of education and sophistication.  But the doctrine of *contra non valentem* recognizes that "prescription does not run against a party who is **unable** to act."[46] "*Contra non valentem* does not suspend prescription when a litigant is perfectly able to bring its claim, but fails or refuses to do so."[47]  In this case, the plaintiffs have not alleged any facts supporting the conclusion that they were prevented by the defendants from filing a lawsuit.  Instead, based on alleged threats made by local police officers and admonitions to other persons by the FBI and DOJ not to talk about the ongoing investigation, the plaintiffs chose not to file suit until after the investigation was complete.  To the extent that they are relying on their lack of education as a basis for their failure to file suit timely, it is well settled that "[m]ere

---

[45]     *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 908-09 (5th Cir. 1985).  See, also, *Alexander v. Lafayette City Parish Consol. Government*, 2011 WL 1832616, at \*4.

[46]     *Corsey v. State, Through Dept. of Corrections*, 375 So.2d at 1321.

[47]     *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002). See, also, *Daigle v. McCarthy*, 444 F.Supp.2d 705, 710 (W.D. La. 2006), *affirmed*, 238 Fed. App'x 1 (5th Cir. 2007).

ignorance of one's rights will not toll the statute of limitations."[48]  The plaintiffs

presented no evidence establishing that they are entitled to an interruption,

suspension, or extension of the one-year prescriptive period due to *contra non*

*valentem.*  At a minimum, Dugas, Johnson, and Tezeno had enough information upon

their release from jail that they should have investigated whether they had viable

claims.  Accordingly, this Court finds that the plaintiffs failed to satisfy their burden

of establishing that *contra non valentem* should be applied in this case and,

consequently, this Court also finds that the claims for false arrest that were asserted

by Dugas, Johnson, and Tezeno prescribed before this lawsuit was filed.

With regard to Fontenot, the facts alleged in the complaint are different, and

those facts compel a different result.  The plaintiffs alleged that Fontenot was arrested

"in or around March 2016" and held for approximately seventy days before being

released from jail.  Therefore, it is conceivable that her claim has not prescribed.

However, it is recommended that the plaintiffs be required to amend their complaint

to allege the precise dates on which Fontenot was arrested and released.  This

information should be readily available in public records maintained by the

defendants.

---

[48]     *Martin v. Mud Supply Co.*, 119 So.2d 484, 492 (La. 1960) (on rehearing.)

Furthermore, the complaint alleged that Fontenot was arrested by Evangeline Parish sheriff's deputies, and there is no allegation that she was arrested by the Ville Platte Police Department. Having already found that the claims asserted by the other defendants have prescribed, there is no remaining claim against the City of Ville Platte or Police Chief Neal Lartigue. Therefore, it is recommended that the claims against those defendants be dismissed.

### D. THE *HECK* DEFENSE

Having found that plaintiff Timothy Johnson's claim has prescribed, it is not necessary to determine whether it is barred by the *Heck* doctrine, and any further discussion of that issue is pretermitted.

### IV. AMENDMENT OF THE COMPLAINT

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff at least one chance to amend.[49] Therefore, it is recommended that the plaintiffs be granted leave of court to file an amended complaint for the purpose of adding at least one plaintiff who was arrested by the Ville Platte Police Department on an investigative hold less than one year before the suit was filed and for the purpose of curing the issue regarding the defendants

---

[49] *Hernandez v. Ikon Office Solutions, Inc.*, 306 Fed. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

admissions to the DOJ but not to the public concerning their allegedly unconstitutional practices, which was discussed above.

## CONCLUSION

For the reasons fully explained above,

(a)     This Court recommends that, to the extent the pending motions (Rec. Doc. 26 and Rec. Doc. 40) seek dismissal or amendment of the complaint pursuant to Fed. R. Civ. P. 12(e), the motions should be denied.

(b)     This Court further recommends that, to the extent the pending motion filed by the City of Ville Platte and Ville Platte Chief of Police Neal Lartigue (Rec. Doc. 26) seeks the dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6), the motion should be granted, and the plaintiffs' claims against the city and the police chief should be dismissed because all claims asserted in the complaint against the city and the police chief have prescribed.  However,

(c)     This Court further recommends that the plaintiffs be granted leave of court to file an amended complaint to add at least one plaintiff who was arrested by the Ville Platte Police Department on an investigative hold less than one year before the suit was filed and to clarify the allegations regarding the defendants' admissions of their allegedly unconstitutional practices.

(d)    This Court further recommends that the motion to dismiss filed by the Evangeline Parish Sheriff's Office and Sheriff Eddie Soileau (Rec. Doc. 40) should be granted in part and denied in part.  Having found that the claims asserted by plaintiffs Christopher Dugas, Timothy Johnson, and Sharonna Tezeno have prescribed, this Court recommends that the motion should be granted with regard to those plaintiffs' claims and those claims should be dismissed with prejudice.  With regard to the claims asserted by Nichole Fontenot, however, it is recommended (1) that the motion should be denied without prejudice to the defendants' right to reassert the motion should additional factual discovery reveal that her claim is prescribed, and (2) that Fontenot should be ordered to amend her complaint to allege the precise date on which she was arrested by a defendant without probable cause and the precise date on which she was released from custody.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 17th day of November 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE